## Leto v. City of Philadelphia

*Joseph G. Feldman*, for plaintiff.

*Daniel I. Murphy*, Assistant City Solicitor, for defendant.

ALESSANDRONI, P. J., August 19, 1959.—This is an action in trespass for personal injuries sustained as a result of a collision with a vehicle of defendant city. Plaintiff seeks a copy of the report of the accident investigation division of the police department. Defendant city has refused to permit plaintiff to inspect and/or copy the report of the accident. Whereupon plaintiff, under the provisions of Pa. R. C. P. 4009, has moved for an order directing the city to make the report available.

In resisting the motion the city urges that: (1) Pa. R. C. P. 4011(d) prohibits discovery of documents prepared in anticipation of litigation; (2) plaintiff's motion would place an unnecessary financial burden on the city; (3) the city would be placed in a disadvantageous position in litigation, and (4) section 5-1104 of the Philadelphia Home Rule Charter bars inspection.

Reasons 2 and 3 are summarily dismissed and will receive no further consideration except to note that if the report is otherwise available to plaintiff, reasons 2 and 3, even if true, are legally insufficient to bar plaintiff's motions.

The accident investigation division of the police department investigates all motor vehicle accidents, particularly where personal injuries are sustained. This investigative service is obviously pursuant to the mandate to the police department set forth in section 5-200(a) of the charter, which provides, inter alia: "It shall . . . police the streets and highways and enforce traffic statutes, ordinances and regulations relating thereto."

Therefore, as part of the duty imposed, accidents are investigated. The reports are filed in the department of records and are available to the public. Should a contrary result be obtained solely because a city vehicle is involved? The city as well as the Common-

wealth stands on the same footing as any other litigant and is entitled to no special consideration.

Pa. R. C. P. 4011 (*d*) prohibits discovery of documents which are prepared in anticipation of litigation. The city urges that although the reports are prepared as are other accident reports, the involvement of a city vehicle automatically converts a routine report into one prepared in anticipation of litigation. This reasoning cannot be accepted. Even in Abel v. Philadelphia Suburban Trans. Co., 9 D. & C. 2d 737, cited by the city in support of its position, the court ordered the police to make available the diagram, pictures and names of witnesses; the order permitted the remainder of the report to be withheld because it was more extensive than the routine report.

If the accident investigation division makes a more extensive investigation than the normal or usual report not as a function of the police department but as an investigative arm of the city, the latter report might very well fall into the category of an "anticipation of litigation report". The distinction appears to be based on whether it is a report in the regular course of business of the city or whether it is expressly prepared for litigation. The routine report cannot be considered to have been made in anticipation of litigation. Certainly the city cannot by its unilateral action withdraw documents which the Rules of Civil Procedure require all other litigants to produce upon proper motion.

Therefore, as to the regular routine accident investigation reports, the protective prohibition of Pa. R. C. P. 4011 (*d*) does not apply.

Since manifestly the routine regular report is not prepared by or for the law department, section 5-1104 of the Charter does not apply. Perhaps the test is whether or not the accident investigation division can refuse to investigate an accident after it is called to the scene. If it did because a city vehicle was involved,

then it would not fulfill its functions under the charter. Therefore it is bound to act and it cannot be considered one prepared by or for the law department. Cf. Hirsch v. City of Philadelphia, 17 D. & C. 2d 461, opinion by Sporkin, J.

*Order*

And now, to wit, August 19, 1959, plaintiff's motion to order the City of Philadelphia to produce the accident investigation report is granted.

Defendant city is ordered to comply forthwith.